NO. _____

1268-15



IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 07 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

OCT 08 2015

Abel Acosta, Clerk

RUSSELL ROBINSON,
                    Appellant/Petitioner

VS.

THE STATE OF TEXAS,
                    Appellee/Respondent

---

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

In Appeal No. 10-14-00231-CR
from the
Court of Appeals
for the Tenth Judicial District
Waco, Texas

Russell Robinson
TDCJ #01941253
Mark W. Michael Unit
2664 F.M. 2054
Tennessee Colony, TX 75886

# LIST OF PARTIES

**APPELLANT**
Russell Robinson, Pro Se

**APPELLEE**
The State of Texas

**JUDGE – 40TH DISTRICT COURT**
Honorable Bob Carroll

**DEFENSE COUNSEL AT TRIAL**
Kent McGuire
109 E. Franklin Street
Waxahachie, Texas 75165

**STATE'S ATTORNEY AT TRIAL**
Patrick Wilson
Ellis County District Attorney's Office
109 South Jackson Street
Waxahachie, Texas 75165

**APPELLANT'S ATTORNEY AT 10th COURT OF APPEALS**
Juanita Bravo Edgecomb
Attorney at Law
306 Sixth Street
Waxahachie, Texas 75165

**STATE'S ATTORNEY ON APPEAL**
Patrick Wilson (or his designated representative)
Ellis County District Attorney's Office
109 South Jackson Street
Waxahachie, Texas 75165

**STATE'S PROSECUTING ATTORNEY**
P. O Box 12405
Austin, Texas 78711

# TABLE OF CONTENTS

IDENTITY OF PARTIES ........................................................................ ii

INDEX OF AUTHORITIES ................................................................. iv

STATEMENT REGARDING ORAL ARGUMENT ........................... 1

STATEMENT OF THE CASE ............................................................. 2

STATEMENT OF PROCEDURAL HISTORY ................................... 3

GROUNDS FOR REVIEW ................................................................ 4

     GROUND FOR REVIEW NO. ONE
     [Set out the Ground or Question Presented for Review]

     GROUND FOR REVIEW NO. TWO
     [Set out the Ground or Question Presented for Review]

ARGUMENT NUMBER ONE ............................................................ 5

ARGUMENT NUMBER TWO ......................................................... __

PRAYER FOR RELIEF ................................................................... __

CERTIFICATE OF SERVICE ......................................................... __

APPENDIX A: [COA Opinion] ....................................................... __

# INDEX OF AUTHORITIES

**CASES**:

Asheary v. State,
813 S.W. 2d 526 (Tex. App Dallas 1991. Pet. refd____28

Bigley v. State
865 S.W. 2d 26 Tex. Crim. APP 1993____28

Castillo v. State
739 S.W. 2d 280 (Tex. Crim. APP 1987____31

Haley v. State
173 S.W. 3d 510 (Tex. Crim APP. 2005____32-33

Laugham v. State
305 S.W. 3d 568 (Tex. Crim. APP. 2010____30

Malipica v. State
108 S.W. 3d 374 (Tex. Crim. APP.-Tyler 2003. ib Pe

Mitchell v. State
931 S.W. 2d 950 (Tex. Crim. APP. 1996____32

**Rules**
Tex. Rules Evid. 801(d)____30
Tex. Rules Evid. 802____30
Tex. Rules Evid. 803(1-24____31

**Statutes**
Tex. Code. Proc. art. 37.07 sec. (3)(a)(1)____32-35
Tex. Code. Proc. 12.42(d)____6
Tex. Code. Proc. 25.11____6

NO. _____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

RUSSELL ROBINSON,
Appellant/Petitioner

VS.

THE STATE OF TEXAS,
Appellee/Respondent

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Appellant/Petitioner respectfully submits this Petition for Discretionary Review and moves that this Honorable Court grant review of this cause and offers the following in support thereof:

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant/Petitioner requests oral argument in this case because such argument may assist the Court in applying the facts to the issues raised. It is suggested that oral argument may help simplify the facts and clarify the issues.

1

## STATEMENT OF THE CASE

[Briefly state the nature of the case.  This statement should seldom exceed half a

page.  See Rule 68.4(d), Texas Rules of Appellate Procedure.]

Robinson was Charged by Indictment With the Offense of Continuous Violence against the Family a Third degree Felony (CR: 3) Tex. Penal Code 25.11. The Indictment Contained Two enhancement Paragraphs alleging 2(Two) Prior Final Convictions.

A Trial on the Merits was held before a Jury on Robinson's Plea of Not Guilty CR: 13 A Jury Convicted Robinson of the Offense as alleged in the indictment. RR4: 136: CR: 113 Robinson Plead Not True To the enhancement Paragraphs and Punishment hearing was Held(RR5:5). A Jury Found the enhancement Paragraphs To be "True" and assessed Punishment at Ninety-Nine 99 Years imprisonment.

The Trial Court Sentenced Appellant in accord With Jury's Punishment Verdict(RR6: 164-265) Judgment was entered on July 18, 2014(CR 123-125 Notice of Appeal was Timely Filed(CR:128).

2

## STATEMENT OF PROCEDURAL HISTORY

[Statement of the history of the case. See Rule 68.4(e), Texas Rules of Appellate Procedure, for the dates that must be included in this portion of the Petition, including the filing and overruling of any motion for rehearing, if any.]

In Cause No. 38,602, the Appellant/Petitioner was charged with the offense of Continuous Violence Against the Family. The Appellant/Petitioner was convicted of such offense on July 18, 2014 and appealed the conviction. On September 10, 2015 the Waco Court of Appeals affirmed the conviction. No motion for rehearing was filed. On October, 5 , 2015 this Petition for Discretionary Review was timely forwarded to the Court of Appeals for filing pursuant to Rule 9.2(b), Texas Rules of Appellate Procedure.

3

# GROUNDS FOR REVIEW

## I.

[State briefly, without argument, the grounds or questions on which the Petition are

based. See Rule 68.4(f), Texas Rules of Appellate Procedure.]

First Issue: The Judgment should be Modified To reflect the Correct Name of the Prosecuting attorney who Presided over the adjudication hearing.

Second Issue: The Terial Court abused its discretion in overruled defense counsel's hearsay objection.

## II.

[Same format as above]

Third Issue: The Trial Court erred when it overruled Appellant's objection To the extraneous offense Presented During the Punishment Phase.

[More than two Grounds for Review, along with accompanying Arguments, can be raised in a Petition, but the Petition cannot exceed 15 pages, exclusive of certain pages. See Rule 68.5, Texas Rules of Appellate Procedure.]

4

# ARGUMENT NUMBER ONE

[Rule 68.4(g), Texas Rules of Appellate Procedure, states: "The petition must contain a direct and concise argument, with supporting authorities, amplifying the reasons for granting review. See Rule 66.3."

## Arguments

### Issue No. 1

The Court should Modify the Judgment To Reflect the Correct Name of both Prosecuting attorneys who Represented the State. (CR: 123)

This Court has "the Power To Correct a reform the Judgment of the Court below To Make the Record Speak the Truth when it has the Necessary Dat and information To Do So." Tex. R. app. P. 43.2(b); Bigley v. State 865 S.W. 2d 27-28 (Tex. Crim. app. 1993); Asberry v. State, 813 S.w. 2d 526, 529 (Tex. app. — Dallas 1991. Pet. ref'd) The Record Provides the Necessary Data and information For this Court To Modify the Judgment.

The Judgment incorrectly identifies Patick Wilson as the Prosecuting attorney in this case. (CR: 123). However, it appears from the Record Prosecuting attorney's at Trial were Amy L. Lockhart and Hoban Mohamed. (RR 1-7: 2 et. seq.)

5

**ARGUMENT NUMBER TWO**

[Same format as above.]

Argument
Issue No. 2

~~The Courts~~ The Trial Court abused its Discretion when it overruled Appellant's hearsay objection

Hearsay is defined as "a statement, other than one made by the declarant while Testify at the Trial or hearing, offered in evidence To Prove the Truth of the Matter asserted." Tex. R. Evid. 801(d) Generally, hearsay in inadmissible Testimony. Tex. R. Evid 802.

Here, Tiffany's Facebook Conversation was hearsay. It was an out-of-court Statement, offered To Prove the Truth of the Matter asserted; namely, the Tiffany had a Conversation, ~~offered To Prove~~ with LaMeshia Thompson on the Night of November 14, 2013 Tiffany was available To Testify To Recall the Facts of the Night in Question. Thus the Trial Court erred in overruling the Defense's Objection.

Through the Testimony of Witnesses the State will often attempt To admit "background" evidence, though Testimonial, not admitted To Prove the Truth of the Matter asserted, but Rather To Provide "background" So that a Jury is equipped To evaluate, in Proper Context, other evidence the Move directly Relates To elemental Facts. Langham v. State, 30 S. W. 3d 568, 580 Tex Crim. App. 2010 Tex. R. Evid. 803(1)-(24). However, the State Failed To List any Exception To the hearsay Rule. In Sum, the Trial Court abused its Discretion when it Overruled Mr. Robinson's hearsay objection

6

# Issue No 3

The Trial Court erred when it overruled Appellant's Objection To the extraneous offense evidence Presented Given that the offense was Not attributable To Appellant.

## A. Extraneous Law:

As a General Rule, Extraneous offenses are Irrelevant and inadmissible. Castillo v. State, 739 S.W. 2d 280, 289 Tex. Crim. App. 1987. Texas Law Provides that Regardless of the Plea and whether the Punishment be assessed by the Judge or Jury, evidence May be offered by the State and the Defendant as To any Matter the Court deems Relevant To Sentencing, including but Not Limited To... evidence of an Extraneous crime or bad act that is shown beyond a Reasonable Doubt by evidence To have been committed by the Defendant or for whether he been Previously charged with or Finally convicted of the crime or act (emphasis added). Tex. Code Crim. P. art. 37.07 sec. 3(a)(1). In Other Words, "the Prosecution May offer evidence of any extraneous crime or bad act that is shown, beyond a Reasonable Doubt, either To have been (1) an act committed by the Defendant or (2) an act for which he could be held Criminally Responsible". Haley v. State, 173 S.W. 3d 510, 514 (Tex. Crim. App. 2005)

## B. Standard of Review:

When an Appellant complains on appeal of the Sufficiency of the evidence of an extraneous offense at the Punishment Phase, the Complaint is Not truly about Sufficiency but Rather, the complaint Goes To the admission of the evidence. Malpica v. State, 108 S.W. 3d 374, 378-379 (Tex. App.-Tyler 2003 no Pet) The Trial Court Rules on the admissibility of the evidence During the Punishment Phase of a Trial and that Ruling is Reviewed under an abuse of Discretion Standard. Mitchell v. State, 931 S.W. 2d 950, 953 Tex. Crim. App 1996. When an Extraneous bad act is admitted for consideration During the Punishment Phase, the Jury is Not Required To assess Whether a Statutory crime occurred: Rather its obligation is To Determine, beyond a Reasonable Doubt whether that Appellant was involved in the bad act being offered as Evidence. Haley v. State, 173 S.W. 3d at 514-15.

## PRAYER FOR RELIEF

For the reasons stated above, it is respectfully submitted that the Court of

Criminal Appeals of Texas should grant this Petition for Discretionary Review.

**Respectfully submitted,**


**RUSSELL ROBINSON**
**TDCJ #01941253**
**Mark W. Michael Unit**
**2664 F.M. 2054**
**Tennessee Colony, TX 75886**

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the total number of words in the document, excluding those contents set out in the rule, is approximately _____ words (including textboxes, footnotes and endnotes).

X _____
**RUSSELL ROBINSON**


## CERTIFICATE OF SERVICE

The undersigned Appellant/Petitioner hereby certifies that a true and correct copy of the foregoing Petition for Discretionary Review has been mailed, U.S. mail, postage prepaid, to the District Attorney, Appellate Division, Ellis County Courthouse, 109 S. Jackson Street, Waxahachie, Texas 75165, and to the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711, on this the _6_ day of _October_ , 2015.

X _____
**RUSSELL ROBINSON**

8

# Appendix

# A

**[ATTACH COPY OF OPINION]**



# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00231-CR

**RUSSELL ROBINSON, JR.,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 38602CR

## MEMORANDUM OPINION

The jury convicted Russell Robinson, Jr. of the offense of continuous violence against the family. TEX. PENAL CODE ANN. 25.11 (West 2011). The jury found the enhancement paragraphs to be true and assessed punishment at 99 years confinement. We affirm.

### Background Facts

There is no challenge to the sufficiency of the evidence. Officer Chad Bolton, with the Ennis Police Department, testified that on November 14, 2013, he was dispatched to

a residence in response to a domestic disturbance. When he arrived at the residence, Lameshia Thompson ran from the residence to Office Bolton's car. She told him that she had been assaulted. Officer Bolton testified that he could see injuries on Thompson, including blood on her lip. Officer Bolton made contact with Russell Robinson, Jr., who admitted hitting Thompson in her face. Robinson was placed under arrest for assault family violence. Thompson testified that at the time of the assault she lived with Robinson and that they were in a dating relationship. She further testified about previous altercations where Robinson hit her in the face and head.

## Prosecuting Attorney

In the first issue, Robinson complains that the judgment should be modified to reflect the correct name of both prosecuting attorneys who represented the State. Robinson states that the judgment incorrectly identifies Patrick Wilson as the prosecuting attorney in the case, but that the record reflects that Amy L. Lockhart and Habon Mohamed were actually the prosecuting attorneys at trial. Robinson, however, cites nothing to show that the elected State's attorney cannot be named in the judgment if he did not participate in the proceeding resulting in the judgment. The Code of Criminal Procedure states that a judgment shall reflect "[t]hat the case was called and the parties appeared, naming the attorney for the state, the defendant, and the attorney for the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(2) (West Supp. 2014). The elected district attorney for Ellis County is the attorney for the State in this case. Robinson's first issue is overruled.

## Hearsay

In the second issue, Robinson argues that the trial court abused its discretion in overruling his hearsay objection. We review a trial court's ruling on admissibility of evidence for an abuse of discretion. *See Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010). We will uphold the trial court's decision unless it lies outside the zone of reasonable disagreement. *Salazar v. State*, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001).

Tiffany Curtis testified at trial that she and Lameshia Thompson are Facebook friends. Curtis testified that on the night of the offense, she received a Facebook message from Thompson asking her to call the police and send them to 700 E. Tyler because she was being held hostage. The State introduced a copy of the Facebook conversation between Curtis and Thompson, and Robinson objected that the Facebook conversation was hearsay.

Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Thus, a statement not offered to prove the truth of the matter asserted is not hearsay. *Dinkins v. State*, 894 S.W.2d 330, 347-48 (Tex. Crim. App.), *cert. denied*, 516 U.S. 832, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995); *Davis v. State*, 169 S.W.3d 673, 675 (Tex.App.-Fort Worth 2005, no pet.). Statements offered for the purpose of explaining how a defendant became a suspect and not for the truth of the matter asserted are not hearsay. *Davis v. State*, 169 S.W.3d at 675.

The Facebook conversation was not offered to prove the truth of the matter asserted, but rather to show why Curtis called 9-1-1 and why the police arrived at the

residence. The trial court did not abuse its discretion in admitting the Facebook conversation. Moreover, any error in admitting the conversation was harmless. TEX. R. APP. P. 44.2 (b). Thompson testified without objection that she sent a Facebook message to Curtis asking her to call the police. We overrule the second issue.

### Extraneous Offense

In the third issue, Robinson argues that the trial court erred in admitting evidence of an extraneous offense during the punishment phase of trial. Captain David Anthony, with the Ennis Police Department, was called to testify during the punishment phase of the trial. The State began to question Captain Anthony about a murder in Ennis, Texas.

Captain Anthony testified in detail about the murder of Dwayne Lamont Dowell and his investigation of that murder. Captain Anthony stated that pursuant to his investigation, he believed Robinson killed Dowell. Robinson was never indicted on the murder charge.

The State also offered the testimony of Timothy Shead during the punishment phase of the trial. Shead testified that he was in jail with Robinson and that Robinson bragged about committing a murder in Ennis, Texas. Shead testified to the details of the murder that were consistent with the murder of Dowell.

The State then called Shirley Mathis, Dowell's mother. Mathis testified that on the night Dowell was killed, he answered a knock at the door around 3:30 a.m. Mathis heard a gunshot, and Dowell screamed, "He shot me." Mathis asked Dowell who shot him, and Dowell stated "Bubba Coleman." Dowell died from the gunshot wound. Mathis testified that she knew Dowell was referring to Robinson when he said Bubba Coleman

shot him. The State presented additional evidence that Robinson was known as "Bubba Coleman" in Ennis.

> Texas Code of Criminal Procedure article 37.07 § 3(a) states in relevant part: [E]vidence may be offered by the state and the defendant as to any matters the court deems relevant to sentencing including but not limited to ... evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CRIM. PROC. CODE ANN. art. 37.07 § 3(a) (West Supp. 2014). Therefore, the prosecution may offer evidence of any extraneous crime or bad act that is shown, beyond a reasonable doubt, either to have been (1) an act committed by the defendant or (2) an act for which he could be held criminally responsible. *Haley v. State*, 173 S.W.3d 510, 514 (Tex. Crim. App. 2005).

The statutorily imposed burden of proof beyond a reasonable doubt does not require the offering party to necessarily prove that the act was a criminal act or that the defendant committed a crime. *Haley v. State*, 173 S.W.3d at 515. Before the jury can consider this evidence in assessing punishment, it must be satisfied beyond a reasonable doubt that the acts are attributable to the defendant. *Id.* Whereas the guilt-innocence stage requires the jury to find the defendant guilty beyond a reasonable doubt of each element of the offense, the punishment phase requires the jury only find that these prior acts are attributable to the defendant beyond a reasonable doubt. *Id.* The jury heard testimony that Robinson bragged about committing the murder. The jury also heard testimony that the victim of the murder made a dying declaration and identified

Robinson as the person who shot him. The trial court did not abuse its discretion in admitting the evidence of the extraneous offense. We overrule the third issue.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed September 10, 2015
Do not publish
[CRPM]

